**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

IN RE:                                             CASE NO.: 9:15-bk-07666-FMD
                                                   CHAPTER 13

**Cinthia Elizabeth Pantaleon-Hardy,**

  **Debtor.**

_____/

**OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN**

FEDERAL NATIONAL MORTGAGE ASSOCIATION ("Secured Creditor"), by and through its undersigned counsel, objects to confirmation of Debtor's Chapter 13 Plan (DE #4), and states as follows:

1. Debtor, Cinthia Elizabeth Pantaleon-Hardy ("Debtor"), filed a voluntary petition pursuant to Chapter 13 of the Bankruptcy Code on July 27, 2015.

2. Secured Creditor holds a security interest in the Debtor's real property located at 3052 NW 96th St., Miami, FL 33147, by virtue of a Mortgage recorded on December 18, 2007 in Book 26112, at Page 1847 of the Public Records of Miami-Dade County, FL.  Said Mortgage secures a Note in the amount of $225,150.00.

3. The Debtor filed an initial plan filed on July 27, 2015.

4. Secured Creditor filed a Proof of Claim in this case on November 30, 2015, Claim No. 16.

5. The Plan proposes to satisfy Secured Creditor's claim by paying $84,000.00.  Secured Creditor disputes this valuation.  Until a final determination on valuation occurs, it would be premature to consider confirming Debtor's Plan.

6. The Plan proposes to pay only 5.25%, which is inadequate to assure that property distributed to Secured Creditor under the plan will have a value, as of the effective date of the plan that is not less than the allowed amount of such claim.

7. In *Till v. SCS Credit Corp.*, 541 U.S. 465, 124 S.Ct. 1951(2004), the U.S. Supreme Court addressed the appropriate cram down interest rate under 11 U.S.C. § 1325(a)(5)(B)(ii). *Till* adopts the "formula approach," which looks to the national prime rate, as reported daily in the press, and adds and appropriate "risk adjustment." Although *Till* does not specify what the risk adjustment should be, it states that courts generally approve adjustments of 1-3%. Accordingly, Secured Creditor maintains that, lacking evidence to the contrary, a risk adjustment of 2% is reasonable.

8. The prime rate, as published in the Wall Street Journal, is currently 3.50%. Accordingly, Secured Creditor maintains the Court should not approve a cram down interest rate less than 5.5%.

**WHEREFORE**, Secured Creditor respectfully requests this Court sustain the objections stated herein and deny confirmation of Debtor's Plan, and for such other and further relief as the Court may deem just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 17, 2016, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, and a true and correct copy has been served via CM/ECF or United States Mail to the following parties:

Cinthia Elizabeth Pantaleon-Hardy
608 Chiquita Blvd N.
Cape Coral, FL  33993

Edward Freire
Freire & Gonzalez
10647 N Kendall Drive
Miami, FL 33176

Jon Waage

P O Box 25001
Bradenton, FL 34206


U.S. Trustee
United States Trustee - FTM7/13, 7
Timberlake Annex, Suite 1200
501 E Polk Street
Tampa, FL 33602

                                           Robertson, Anschutz & Schneid, P.L.
                                           Attorney for Secured Creditor
                                           6409 Congress Ave., Suite 100
                                           Boca Raton, FL 33487
                                           Telephone: 561-241-6901
                                           Facsimile: 561-997-6909

                                           By: /s/Iris Kwon
                                           Iris Kwon, Esquire
                                           Florida Bar Number 0115140
                                           Email: Ikwon@rasflaw.com