ORDERED.

**Dated: May 25, 2016**

_Caryl E. Delano_
Caryl E. Delano
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| In re: | Case No.: 9:15-bk-07666-FMD |
| | Chapter 13 |
| Cinthia Elizabeth Pantaleon-Hardy | |
| Debtor | |
| _____/ | |

AGREED ORDER GRANTING DEBTOR'S MOTION TO VALUE COLLATERAL OF FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE") SERVICED BY SETERUS. INC.

THIS CASE is scheduled for hearing on the 25th day of May, 2016 on the Debtor's Motion to Value Collateral of Federal National Mortgage Association (Fannie Mae) serviced by Seterus [DE# 19 ] (the "Motion) the Debtor's attorney asserting that opposing counsel has agreed to the form and content of the order and the Parties having agreed, it is:

The Real Property that is the subject of the Motion is located at 3052 NW 96th Street, Miami, FL 33147 and more particularly described as follows:

LOT 1 AND THE EAST 10 FEET OF LOT 2, IN BLOCK 27, OF AMENDED PLAT OF THE TROPICS, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 10, AT PAGE 17, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA

Accordingly, it is;

**ORDERED:**

1. Debtors' Motion to Value Collateral of Federal National Mortgage Association (Fannie Mae) serviced by Seterus is granted.

2. Claim No.: 16 filed by Federal National Mortgage Association (Fannie Mae) serviced by Seterus shall be treated as a secured claim in this Chapter 13 case in the amount of $87,000.00 to be at paid 5.25% interest for a total to be paid through the plan of $99,106.84. The balance of Creditor's Claim No.: 16 is reclassified to an unsecured general claim. The debtor shall pay the insurance and taxes for the property directly.

3. The mortgage on the Real Property held by Federal National Mortgage Association (Fannie Mae) serviced by Seterus shall be satisfied after the completion of plan payments and upon entry of the Debtor's discharge in this Chapter 13 case. This order is void if the case is converted to a case under a different chapter or if the case is dismissed.

4. Within 60 days of the Debtor's discharge the Creditor shall record a satisfaction of mortgage and shall provide a recorded copy of same to the Debtor. Should the Creditor fail to provide the satisfaction of mortgage as required in this order the Debtor shall be authorized to file a certified copy of this order which shall be deemed to be a satisfaction of mortgage.

Attorney Laila S. Gonzalez, Esq. is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order